B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Philip C. Story, Jr. | **DEFENDANTS** Windham Professionals Inc, U.S. Dept. of Education Debt Management & Collection System |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Plaintiff, Pro Se | **ATTORNEYS** (If Known) unk.  RECEIVED AND FILED - MAIL USBC '16 NOV 28 PM 1:01 |
| **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☒ Creditor  ☐ Other  ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff seeks a determination his federally insured student loans should not be excepted from discharge pursuant to 11 U.S.C. sec. 523(a)(8).

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Philip Copeland Story, Jr. | BANKRUPTCY CASE NO.<br>16-08822 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Puerto Rico | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF<br>Philip Copeland Story, Jr. | DEFENDANT Windham Professional<br>U.S. Dept. of Education<br>Debt Management & Collection Sys. | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Puerto Rico | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] |||
| DATE<br>November 22, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Philip Copeland Story, Jr. ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Philip C. Story, Jr.
Debtor/Plaintiff, Pro Se
HC-2 Box 1735
Boqueron, PR 00622-9300
Telephone: 787-564-9594
Email: todotodos@yahoo.com

RECEIVED AND FILED - MAIL

USBC '16 NOV 28 PM 1:00

IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: Philip Copeland Story, Jr., Debtor | Case No. 16-08822 |
| Philip Copeland Story, Jr., Plaintiff | Chapter 7 |
| vs. | |
| Windham Professionals, Inc. Defendant, | **COMPLAINT** |
| U.S. Department of Education Defendant, and | |
| Debt Management & Collection System, Defendant. | |

**Nature of the Action**

1. This is an adversary proceeding seeking a determination that further repayment of Debtor/Plaintiff's federal student loans would impose on Debtor the undue hardship contemplated by 11 U.S.C. sec. 523(a)(8) of the Bankruptcy Code and that said debts should therefore not be excepted from discharge.

### Jurisdiction and Venue

2. On November 2, 2016, the Debtor filed a voluntary petition in this Court for relief under chapter 7 of the Bankruptcy Code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C sections 1334 and 157.

4. This is a core proceeding pursuant to 28 U.S.C. sec.157(b)(2).

5. Venue is proper pursuant to 28 U.S.C sec.1409(a).

### Allegations of Fact

6. Debtor is an unemployed 69 year old single man (DOB 03/12/1947) who lives in a rented apartment in a rural area of Cabo Rojo, Puerto Rico, where he has resided alone for the past three years.

7. Debtor's sole income is a monthly Social Security Retirement Benefit of $1,069.00 or $12,828 per year. This Social Security benefit, in slightly smaller amounts during prior years, has been Debtor's sole source of income for the better part of eight years, *i.e.*, since March, 2009.

8. Debtor's Social Security retirement income is not enough to provide him with a minimal standard of living even without repayment of his student loans. Debtor's income is insufficient to provide necessary health and dental care, purchase or maintain a safe and suitable motor vehicle or pay for other suitable transportation, purchase basic furniture, *i.e.*, a bed, dining table and chairs, major appliances, *etc.*, or to provide the other reasonably necessary goods and services essential to otherwise maintain a minimally acceptable standard of living. Moreover,

Debtor frequently exhausts his financial resources as much as one week prior to the arrival of the following month's Social Security payment.

9. Debtor suffers from various physical ailments and from lifelong chronic mental illness which have impaired and will continue to impair his ability to be gainfully employed or otherwise earn an income sufficient to support himself and provide a minimal standard of living, safely perform daily tasks of living and self care, maintain a healthy physical activity level, effectively manage his personal and financial affairs, or maintain healthy social relationships.

10. Debtor's health conditions include: inherited bipolar illness with chronic symptoms of mild to moderate depression and hypomanic episodes with attendant mood swings, ranging from apathy, inactivity, passivity and lethargy to excessive zeal, impulsive behavior and excessively rapid thought and speech, irritability, and lapses of concentration. As a result Debtor experiences impaired social relationships, social isolation, episodic inability to concentrate, outbursts of rage, obsessive thoughts, compulsive actions, episodic short and long term memory loss, disturbed sleep, and irregular sleep schedule. In addition Debtor suffers from mild episodic vertigo, confusion, uncoordination, compulsive eating, obesity and chronic fatigue. Debtor has end stage osteoarthritis of the spine and hip, mild to severe osteoarthritis of all other joints, a ruptured thoracic intervertebral disc impinging upon the spinal chord with associated chronic pain and impairment of action and mobility, a total right knee prosthesis with associated chronic pain and impaired mobility, a right rotator cuff tear, a ruptured long head biceps tendon, postsurgical chronic shoulder and neck pain and chronic pain in most joints. Debtor has benign prostatic hyperplasia, urinary urgency, pre and post urination incontinence, frequent urination, difficult urination, nighttime urination, impotence, hypercholesterolemia, fatty liver syndrome, skin cancer, ocular cataracts, impaired vision, bronchial asthma, allergies to pollen, dust, mold, tobacco smoke, auto exhaust, fragrances and volatile organic compounds, as well as episodic

gastritis and gastric reflux. With only two remaining opposing molar teeth Debtor lacks sufficient dentition for adequate mastication and healthy digestion.

11. Between approximately June, 1975 and August, 1980 Debtor obtained four federal or federally guaranteed student loans in a total principal amount $11,100.00.

12. Between 1982 and 2010 Debtor made payments toward his student loan debt totalling approximately $7,999.00, *i.e.*, 72% of the principal amount of said loans.

13. One or more of the Defendants allege the total amount now owed by Debtor to his student loan creditors, including principal, interest, collection costs, attorney's fees and court costs, is approximately $27,800.00.

14. In March, 2009 Debtor began to receive a monthly Social Security Retirement Benefit in the approximate amount of $1,000.00.

15. In July, 2009 Defendant U.S. Department of Education commenced garnishing 15% of Debtor's Social Security Retirement Benefit each month toward payment of Debtor's student loan debt.

16. In approximately September, 2010 Debtor applied to the U.S. Department of Education to suspend the garnishment of his Social Security Retirement benefit based on the financial hardship caused by the reduction of his sole income.

17. In November, 2010 the Department of Education suspended its garnishment of Debtor's monthly Social Security Retirement benefit upon finding that continued garnishment would impose an undue hardship on the Debtor.

## Prayer for Relief

WHEREFORE, Debtor/Plaintiff prays the court to find that excepting Debtor's federally insured student loan debts from discharge would impose an undue hardship on Debtor and order that said debts be discharged.

DATED this 22 day of November, 2016.

_____
Philip C. Story, Jr.
Debtor/Plaintiff