Philip C. Story, Jr.
Debtor/Plaintiff, Pro Se
HC-2 Box 1735
Boqueron, PR 00622-9300
Telephone: 787-564-9594
Email: todotodos@yahoo.com

RECEIVED AND FILED - MAIL

USBC '17 FEB 15 AM 11:03

## IN THE UNITED STATES BANKRUPTCY COURT FOR

## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: Philip Copeland Story, Jr., Debtor | Case No. 16-08822 |
| Philip Copeland Story, Jr., Plaintiff | Chapter 7 |
| vs. | |
| Windham Professionals, Inc., a corporation, Defendant, and | **AMENDED COMPLAINT** |
| United States Department of Education Defendant. | |

### Nature of the Action

1. This is an adversary proceeding seeking a determination that further repayment of Plaintiff/Debtor's federal student loans would impose on Plaintiff/Debtor the undue hardship contemplated by 11 U.S.C. sec. 523(a)(8) of the Bankruptcy Code and that said debts should therefore not be excepted from discharge.

## Jurisdiction and Venue

2. On November 2, 2016, the Plaintiff/Debtor filed a voluntary petition in this Court for relief under chapter 7 of the Bankruptcy Code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C sections 1334 and 157.

4. This is a core proceeding pursuant to 28 U.S.C. sec.157(b)(2).

5. Venue is proper pursuant to 28 U.S.C sec.1409(a).

## Allegations of Fact

6. Plaintiff/Debtor, is an unemployed 69 year old single man (DOB 03/12/1947) and U.S. Army veteran of the Vietnam War, who resides in a rented apartment in a rural area of Cabo Rojo, Puerto Rico, where he has lived alone for over three years.

7. Between approximately June, 1975, and August, 1980, Debtor obtained four federal or federally guaranteed student loans the principal amounts of which totalled $11,100.00.

8. Defendant United States Department of Education, a department of the federal government of the United States, is the holder and/or originator and/or guarantor of the student loans owed by Plaintiff/Debtor.

9. Windham Professionals, Inc., a U.S. corporation, is the holder and/or the collection agent of the holder of the student loans owed by Plaintiff/Debtor.

10. Between 1982 and 2010, Plaintiff/Debtor made payments toward his student loan debts totalling approximately $8,000.00, in the form of voluntary payments, payments of court judgments, and garnishment of his Social Security Retirement Benefits.

11. Defendant Windham Professionals, Inc., has in recent months demanded payment from Plaintiff/Debtor claiming the total amount now owed to his student loan creditors, including principal, interest, collection costs, attorney's fees and court costs, is approximately $27,800.00.

12. In March, 2009, Plaintiff/Debtor began to receive a monthly Social Security Retirement Benefit in the approximate amount of $1,000.00.

13. In July, 2009 Defendant U.S. Department of Education commenced garnishing 15% of Plaintiff/Debtor's Social Security Retirement Benefit each month toward payment of Plaintiff/Debtor's student loan debt.

14. In approximately September, 2010, Plaintiff/Debtor applied to the U.S. Department of Education to suspend the garnishment of his Social Security Retirement Benefit based on the financial hardship that it was imposing on him.

15. In November, 2010, the Department of Education suspended its garnishment of Plaintiff/Debtor's monthly Social Security Retirement Benefit upon finding that the garnishment was imposing an undue hardship on the Plaintiff/Debtor. The Department of Education has not garnished Plaintiff/Debtor's Social Security Retirement Benefit since making that determination.

16. Plaintiff/Debtor's current sole source of income is a monthly Social Security Retirement Benefit of $1,072.00 per month or $12,864.00 per year and he expects this Social Security Retirement Benefit to be his sole source of income until his demise.

17. Plaintiff/Debtor owns no non-exempt assets.

18. The amount of Plaintiff/Debtor's Social Security retirement income is not large enough to provide him with a minimal standard of living even without making further repayment of his student loans. Said income is insufficient to provide for his necessary health, dental and eye care, purchase or maintain a safe and suitable motor vehicle or pay for other suitable transportation, purchase basic furniture and furnishings, *i.e.*, a bed, dining table and chairs,

major appliances, *etc.,* or to provide the other reasonably necessary goods and services essential to otherwise maintain a minimal standard of living. Plaintiff/ Debtor usually exhausts all his money prior to the arrival of the following month's Social Security payment after paying only for rent, utilities, food and household supplies, transportation, phone and internet, and personal care.

19. Plaintiff/Debtor suffers from lifelong chronic bipolar disorder and/or other mental illnesses which have impaired throughout his life and continue to impair his ability to be employed, caused his administrative discharge from the armed forces and prevented him earning an income sufficient to either adequately support himself and his family of six children or to fully repay his business and personal debts including his student loan debts.

20. Plaintiff/Debtor's mental illness impairs his ability to provide himself with a minimal standard of living, impairs his ability to safely perform certain daily tasks of living and self care, impairs his ability to maintain a healthy physical activity level, and impairs his ability to effectively manage his personal and financial affairs and establish and maintain healthy social relationships. Plaintiff/Debtor has been married and divorced three times and has little social contact.

21. Plaintiff/Debtor's mental illness has throughout his life caused and continues to cause him to experience cycles of mild to severe depression and hypomania which manifests as mood swings ranging from periods of mild to severe and immobilizing apathy and hopelessness alternating with periods of excessive zeal, impulsive behavior, rapid thought and speech, irritability, rage and lapses of concentration, memory and self-control. As a result of his mental difficulties Plaintiff/Debtor was administratively discharged from the U.S. Army at the age of 22, was terminated by employers from nearly all of his early work life employment positions, and was ultimately unable during his working years to be employed in a work setting with others.

## Prayer for Relief

WHEREFORE, Plaintiff/Debtor prays the court to find pursuant to 11 U.S.C. sec. 523(a)(8), that excepting Plaintiff/Debtor's federal or federally guaranteed student loan debts from discharge would impose an undue hardship on Plaintiff/Debtor and to order that Plaintiff/Debtor's student loan debts owed to the Defendants and either of them shall be discharged.

DATED this 13th day of February, 2017.

_____
Philip C. Story, Jr.
Plaintiff/Debtor