IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| | B-16-8822-EAG-7 |
| PHILIP COPELAND STORY, JR. | |
| | CHAPTER 7 |
| Debtor | |
| | |
| PHILIP COPELAND STORY, JR. | ADV. PROC. 16-0257 |
| | |
| Debtor/Plaintiff, | |
| | |
| v. | |
| | |
| WINDHAM PROFESSIONAL, INC., | |
| U.S. DEPARTMENT OF EDUCATION, | |
| *ET AL.* | |
| | |
| Defendants. | |

**UNITED STATES' ANSWER TO AMENDED COMPLAINT**

**THIS HONORABLE COURT:**

COMES NOW the United States of America, by itself and on behalf of the United States Department of Education ("United States" or "ED"), without submitting to the jurisdiction of the Court, and through its undersigned attorneys, answers the Plaintiff/Debtor's Amended Complaint to Determine Dischargeability of Debt under 11 U.S.C. § 523(a)(8) as follows:

I. General Allegations

All conclusions of law and jurisdiction alleged in the Amended Complaint are disputed insofar as the factual allegations contained therein. All factual allegations contained in the Complaint, except those specifically below and only as qualified therein, are hereby denied.

II. Specific Allegations

A. Nature of the Action

1. The allegations contained in paragraph one (1) of the Amended Complaint are statements of legal conclusions upon which the plaintiff has elected to set forth his claim and as such, do not require a responsive pleading. However, they are denied insofar as a response may be warranted.

      B. Jurisdiction and Venue

2. The allegations contained in paragraph two (2) of the Amended Complaint are admitted.

3. The allegations contained in paragraph three (3) of the Amended Complaint are statements of legal conclusions or jurisdictional statements upon which the Debtor/Plaintiff has elected to set forth his claim and as such, do not require a responsive pleading. However, they are denied insofar as a response may be warranted.

4. The allegations contained in paragraph four (4) of the Amended Complaint are statements of legal conclusions or jurisdictional statements upon which the Debtor/Plaintiff has elected to set forth his claim and as such, do not require a responsive pleading. However, they are denied insofar as a response may be warranted.

5. The allegations contained in paragraph five (5) of the Amended Complaint are statements of legal conclusions or jurisdictional statements upon which the Debtor/Plaintiff has elected to set forth his claim and as such, do not require a responsive pleading. However, they are denied insofar as a response may be warranted.

      C. Allegations of Fact

6. The allegations contained in paragraph six (6) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

7. The allegations contained in paragraph seven (7) of the Amended Complaint, are denied as stated. ED affirmatively asserts that it holds three loans obtained by the Debtor/Plaintiff under the Federal Perkins Loan Program and other loan obtained under the Federal Family Education Loan Program with an outstanding balance of $22,482.98, for a total of four (4) loans.

8. The allegations contained in paragraph eight (8) of the Amended Complaint, are denied as stated. ED affirmatively asserts that it holds three loans obtained by the Debtor/Plaintiff under the Federal Perkins Loan Program and another loan obtained under the Federal Family Education Loan Program with an outstanding balance of $22,482.98, for a total of four (4) loans.

9. The allegations contained in paragraph nine (9) of the Amended Complaint, are denied as stated. ED affirmatively asserts that it is the holder of the four (4) student loans owed by the Debtor/Plaintiff. Windham Professionals, Inc. is a contractor for ED that collects defaulted student loans; it is unknown if it is a U.S. corporation, and therefore, this allegation is denied.

10. The allegations contained in paragraph ten (10) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein. However, it is only admitted that ED has received the amount of $2,599.50 as payment for the four loans mentioned in paragraph seven above.

11. The allegations contained in paragraph eleven (11) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

12. The allegations contained in paragraph twelve (12) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

13. The allegations contained in paragraph thirteen (13) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

14. The allegations contained in paragraph fourteen (14) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

15. The allegations contained in paragraph fifteen (15) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

16. The allegations contained in paragraph sixteen (16) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

17. The allegations contained in paragraph seventeen (17) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

18. The allegations contained in paragraph eighteen (18) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

19. The allegations contained in paragraph nineteen (19) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

20. The allegations contained in paragraph twenty (20) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

21. The allegations contained in paragraph twenty-one (21) of the Amended Complaint are denied for lack of information and/or knowledge upon which a belief may be formed as to the veracity of the statements contained therein.

III. Affirmative Defenses

22. ED affirmatively asserts that Debtor/Plaintiff signed seven promissory notes, which cover four outstanding ED loans as follows:

a. On or about November 7, 1977, January 10, 1978, August 23, 1978, January 16, 1979, August 26, 1980, and January 31, 1981 executed National Direct Student Loan Program Promissory Notes with the University of Idaho (hereinafter "institution") to obtain loans in the amount of $1,050.00, $1,050.00, $1,500.00, $1,500.00, $1,500.00, and $1,500.00 at 3.00% interest rate. The institution made the loan under the Federally-funded National Defense/Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087aa *et seq*. (34 C.F.R. Part 674). The borrower defaulted on the obligation on July 1, 1981 and April 2, 1982. After the institution credited all cancellations due and payments received, the borrower owed the school $7,710.03 in principal and $5,234.45 in interest. The principal and interest, together with

any unpaid charges totaled $13,024.48. The institution assigned all rights and title to the loan to the Department of Education (hereinafter "Education") on May 29, 2003 and July 3, 2003. Since the assignment of the loans, the Education has credited a total of $1,710.39 in payments from all sources. The current balance due on those loans as of January 27, 2017 is $14,784.68 ($7,710.03 in principal plus $7,074.65 in interest); and

    b. On or about September 11, 1980, Debtor/Plaintiff executed a Federal Stafford Loan Promissory Note through the Federal Family Education Loan Program (FFELP) to secure a loan from The Chase Manhattan Bank N.A., for $2,500.00, at 7.00% interest rate. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq*. (34 C.F.R. Part 682). The loan was disbursed on September 13, 1980 for $2,500.00. The borrower defaulted on obligation on October 1, 1982 and the guarantor assigned its rights and title to the loan to Education on July 1, 1993. Since the assignment of the loans, Education has credited a total of $889.11 in payments from all sources. The current balance due on the loan as of January 27, 2017 is $7,630.12 ($2,433.50 in principal plus $5,196.62 in interest).

    c. The total Education debt as of January 27, 2017 was $22,414.80 ($10,143.53 in principal plus $12,271.27 in interest). The total amount of payments credited is $2,599.50.

    WHEREFORE the Defendant United States Department of Education prays for relief as follows:

    1. Dismissing Debtor/Plaintiff's Complaint with prejudice.

    2. Declaring that the Defendant, United States Department of Education loan indebtedness is non-dischargeable pursuant to 11 U.S.C. § 523 (a) (8).

RESPECTFULLY SUBMITTED, in In San Juan, Puerto Rico, this 18th day of April, 2017.

I HEREBY CERTIFY on this same date the present document was filed with the Clerk of the Court using the CM/ECF system, which will automatically send the corresponding notification to: None; and I also certify that the *pro-se* plaintiff was notified by first class mail service to his address of record: HC 2 Box 1735, Boqueron, PR 00622.

                          ROSA EMILIA RODRÍGUEZ-VÉLEZ
                          UNITED STATES ATTORNEY

s/ *Agnes I. Cordero*
Agnes I. Cordero
Assistant U.S. Attorney
USDC-PR No. 126101
Torre Chardón, Suite 1201
350 Carlos E. Chardón Street
San Juan, PR 00918
Tels. 787-766-5656/Fax 787-766-6219
Agnes.Cordero@usdoj.gov