Philip C. Story, Jr.
Debtor/Plaintiff, *Pro Se*
P.O. Box 628
Boqueron, PR  00622
Telephone:  939-245-2703
Email:  todotodos@yahoo.com

**IN THE UNITED STATES BANKRUPTCY COURT FOR**

**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In Re:   Philip Copeland Story, Jr., <br>             Debtor | ) <br> ) <br> ) Chapter 7 <br> ) <br> ) Bankruptcy No. 16-8822 |
| Philip Copeland Story, Jr., <br>             Plaintiff <br><br> vs. <br><br> Windham Professionals, Inc., <br>       a corporation, <br>             Defendant, and <br><br> United States Department of Education, <br>             Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Adversary No. 16-0257 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S VERIFIED REPLY TO DEFENDANT U.S. DEPT. OF EDUCATION'S MOTIONS
FOR DISCHARGE OF DEBT, DISMISSAL OF ADVERSARY PROCEEDING AND
TO VACATE PRETRIAL CONFERENCE;  AND
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AND MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Plaintiff, Philip Copeland Story, Jr., who respectfully avers under penalty of perjury, and prays as follows:

1. Plaintiff filed an Amended Complaint (ECF No. 24) praying for the discharge of his student loans based on the undue hardship which compelled repayment would impose on him pursuant to the provisions of 11 U.S.C. sec.523(a)(8) of the U.S. Bankruptcy Code.

2. Summons service was executed on Defendant, U.S. Department of Education, on February 25, 2017 (ECF No. 30.) and on Defendant Windham Professionals, Inc., on February 25, 2017 (ECF No. 31.)

3. On April 3, 2017, after the elapse of more than 35 days following service, Plaintiff's Verified Request for Entry of Default by Clerk, seeking the entry of default of Defendant Windham Professionals, Inc., was filed with the court. (ECF No. 38.)

4. Defendant Windham Professionals, Inc., has not, to date, filed an answer, motion, or other responsive pleading, nor has it by any other means entered an appearance in this action.

5. For the foregoing facts and reasons default judgment should be entered against Defendant Windham Professionals, Inc. Plaintiff respectfully prays the court to do so, thereby discharging any student loan debt, principal, interest, and related penalties and fees, for which Plaintiff is obligated to Defendant Windham Professionals, Inc.

6. On April 18, 2017, Defendant U.S. Dept. of Education (DOE), filed its answer (ECF No. 39), controverting plaintiff's claim of undue hardship under 11 U.S.C sec. 523(a)(8); a pretrial scheduling order was later entered, its time limits were extended and pretrial discovery was conducted by Defendant DOE and the Plaintiff.

7. The time limits for discovery and dispositive motions set in the court's pretrial order of August 10, 2017, (ECF No. 49), expired and the court set the matter for pre-trial

conference on June 21, 2018, (ECF No. 63.), which upon motion of Plaintiff was reset for July 26, 2018 (ECF No. 66).

8. Pursuant to the court's June 13, 2018, Order Rescheduling Pretrial Conference (ECF No. 66), Plaintiff, on July 14, 2018, served upon counsel for Defendant DOE, Lisa Bhatia, AUSA, by electronic mail, copies of his Pretrial Report, Memorandum and Trial Exhibits, which were entered by the court on July 19, 2018 (ECF Nos. 70 & 71).

9. After receiving an extension of time until July 23, 2018, to file its pretrial report, Defendant DOE, on that date, filed its Motion for Discharge of Debt, Dismissal of Adversary Proceeding and to Vacate Pretrial Conference. (ECF No. 73)

10. Paragraph 1 of Defendant DOE's Motion acknowledges that Plaintiff's " . . .Amended Complaint pray[s] for the discharge of his federal student loan debt because of undue hardship." Paragraph 2 of Defendant DOE's Motion states that ". . .the United States hereby acquiesces to the discharge of the debt that Debtor/Plaintiff has with the Department of Education."   And the Motion goes on to state in Paragraph 3 that "[i]nsofar as there is no controversy in this case, the United States requests that this Adversary Proceeding be dismissed and that the Pretrial Conference scheduled for July 26, 2018 be vacated."

11. First, the Plaintiff states clearly that he embraces Defendant DOE's aquiescence to the discharge of his student loan debt and joins in its Motion for Discharge of Debt to the extent that the discharge occurs within and pursuant to this adversary action and the statutory bases asserted in Plaintiff's Amended Complaint under which he seeks such discharge.

12. In as much as Plaintiff is grateful to the United States for its acquiescence to the discharge of his student loan debt with the Department of Education, and while he does

not desire in any respect to appear otherwise, he has several concerns about the form and substance of Defendant's proposed disposition of Plaintiff's Amended Complaint which he fears this approach will not address.

13. Plaintiff's first concern is that he does not understand how to reconcile DOE's acknowledgement that Plaintiff seeks to discharge his student loan debt by reason of the sole statutory provision allowing "undue hardship" discharge *i.e.*, 11 U.S.C. sec. 523(a)(8); "aquiesces" to this discharge but also asks the court to dismiss the Amended Complaint which is the only pleading in the court file setting forth Plaintiff's claim for said relief and the statutory basis of the court's jurisdiction and its authority for granting "undue hardship" discharge relief..

14. More clearly stated, Plaintiff is concerned that if his Amended Complaint is dismissed as proposed by DOE, the statutory basis, both jurisdictional and substantive, upon which the court can grant the student loan discharge sought by Plaintiff (and DOE) will evaporate.

15. It seems to Plaintiff that a more procedurally straightforward, and less fraught, resolution to this action where Defendant DOE has acquiesced to Plaintiff's "undue hardship" discharge of his student loans and has moved the court to grant same, would be a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), since the interests of both Plaintiff and Defendant DOE are now aligned and the court file now includes a Motion by Defendant DOE seeking the same remedy as Plaintiff, *i.e.* the discharge of Plaintiff's student loan debt based on the undue hardship exception to the exception from discharge contained as provided by 11 U.S.C. sec. 523(a)(8).

**THEREFORE**, Plaintiff respectfully moves the court, based on the foregoing, and in the interest of justice and equity, to:

1. Pursuant to the applicable court rules and statutes enter a Default Judgment against Defendant Windham Professionals, Inc., discharging any and all of Plaintiff's student loan debt, including principal, interest, and related penalties and fees of any kind, if any there are; and to

2. Pursuant to Fed. R. Civ. P. 12(c), and based upon the now admittedly aligned interests of the parties, grant judgment on the pleadings in favor of Plaintiff, Philip C. Story, Jr., and against the Defendant U.S. Department of Education, discharging any and all of Plaintiff's student loan debt, including principal, interest, and related penalties and fees of any kind, if any there are; and to

3. Deny DOE's Motion for Discharge of Debt to the extent it is inconsistent with Plaintiff's Motions hereinabove; and to

4. Deny Defendant DOE's Motion for Dismissal of Adversary Proceeding to the extent it is inconsistent with Plaintiff's Motions hereinabove; and to

5. Deny Defendant DOE's Motion to Vacate Pretrial Conference unless and until all matters raised by Plaintiff's and Defendant's Motions have been resolved prior to its scheduled hearing on July 26, 2018, at 10:00 a.m

DATED this 24th day of July, 2018.

I, Philip Copeland Story, Jr., state and affirm, under penalty of perjury, that the contents of the foregoing Plaintiff's Verified Reply to Defendant U.S. Dept. of Education's Motions for Discharge of Debt, Dismissal of Adversary Proceeding, and to Vacate Pretrial Conference; and Plaintiff's Motion for Entry of Default Judgment, and Motion for Judgment on the Pleadings, are true and correct to the best of my knowledge, understanding and belief.

DATED this 24th day of July, 2018.

                    S/ Philip C. Story, Jr.
                    _____
                    Philip C. Story, Jr., Plaintiff *Pro Se*

## **CERTIFICATE OF SERVICE**

I certify that on July 24, 2018, I sent by electronic mail, a true and correct copy of the foregoing Plaintiff's Verified Reply to Defendant U.S. Dept. of Education's Motions for Discharge of Debt, Dismissal of Adversary Proceeding, and to Vacate Pretrial Conference; and Plaintiff's Motion for Entry of Default Judgment, and Motion for Judgment on the Pleadings, addressed to counsel for Defendant, U.S. Dept. of Education, Lisa Bhatia-Gautier, AUSA, at: lisa.bhatia@usdoj.gov

                    S/Philip C. Story, Jr.
                    _____
                    Philip C. Story, Jr.
                    Plaintiff, *Pro Se*